FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYLE R. SPENCER,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TAMARA SALUSKIN, et al.,<br><br>　　　Defendants. | No. 2:23-CV-00283-SAB<br><br><br>**ORDER GRANTING MOTIONS TO DISMISS; CLOSING FILE** |

　　　Pending before the Court are Defendant Crystal L. Buck's Motion to Dismiss, ECF No. 6, and the Yakama Nation Defendants' Motion to Dismiss Complaint, ECF No. 11. Defendants are represented by Ethan Jones and Marcus Shirzad. Plaintiff is representing himself in this matter.

　　　Plaintiff is suing current Yakama Nation Government employees and former Yakama nation Tribal Court judges and employees, along with the mother of his children, alleging that these Defendants are conspiring to deprive him of his parental and individual rights.

### Plaintiff's Complaint

　　　Plaintiff is bringing claims under 18 U.S.C. § 241 and the Civil Rico statute, 18 U.S.C. § 1964. He asserts the tribal courts do not have jurisdiction over himself or his children. He asserts the Yakama tribal courts' assertion of exclusive jurisdiction against him and his children is motivated by a desire to harass and is being conducted in bad faith. Plaintiff asserts that he was not aware or notified of

**ORDER GRANTING MOTIONS TO DISMISS; CLOSING FILE ~ 1**

any tribal court cases that were being decided against him. He is seeking $3 million in damages, declaratory relief and injunctive relief.

## Motion Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal if the plaintiff's complaint fails to sufficiently allege federal subject matter jurisdiction.[1] However, "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional" and are permitted only when the claim is "patently without merit." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A jurisdictional determination is intertwined with the merits of a case when a statute provides the basis for both subject-matter jurisdiction and the plaintiff's substantive claim for relief. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004). Tribal sovereign immunity is a quasi-jurisdictional issue, and the court cannot proceed without first determining if it has jurisdiction. *Pistor v. Garcia*, 791 F.3d 1104, 1115 (9th Cir. 2015).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

## 18 U.S.C. § 241

18 U.S.C. § 241 provides:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right

---

[1] Federal Rule 12(h)(3) states: If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**ORDER GRANTING MOTIONS TO DISMISS; CLOSING FILE ~ 2**

or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

The violation of a federal statute "does not automatically give rise to a private cause of action" to the person harmed by that violation. *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 615 F.3d 1106, 1115 (9th Cir. 2010). "Instead, the statute must either explicitly create a private right of action or implicitly contain one." *Id.* In *Aldabe v. Aldabe*, the Ninth Circuit held that § 241 does not provide a basis for civil liberty. 616 F.2d 1089, 1092 (9th Cir. 1980).

## 18 U.S.C. § 1964

Section 1964 of the Racketeer Influenced and Corrupt Organization Act (RICO) provides a private right of action for treble damages in "[a]ny person injured in his business or property by reason of a violation" of the Act's criminal prohibitions. § 1964(c); *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 641 (2010). Section 1962, in turn, sets forth the prohibited activities. Section 1961 provides the definitions.

## Sovereign Immunity

Suits against Indian tribes are barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation. *Okla. Tax. Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991). Tribal sovereign

**ORDER GRANTING MOTIONS TO DISMISS; CLOSING FILE ~ 3**

immunity may be forfeited if the Tribe fails to assert it. *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 907 (9th Cir. 2021). That said, although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper vehicle for invoking sovereign immunity from suit. *Id.* (quotation omitted). Consequently, when a defendant timely and successfully invokes tribal sovereign immunity, the court lacks subject matter jurisdiction. *Id.* at 908. On the other hand, tribal sovereign immunity does not bar actions for damages against individual tribal employees and tribal agents in their personal capacities. *Id.*

A suit against a governmental official may be a suit against the sovereign, but not always. In such contexts, courts look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. *Id.* (quotation omitted). The critical question is whether the remedy sought is truly against the sovereign. *Id.* (quotation omitted). An official-capacity claim, although nominally against the official, "in fact is against the official's office and thus the sovereign itself." *Id.* Because the relief requested effectively runs against the sovereign, the sovereign is the real party in interest, and sovereign immunity may be an available defense. *Id.*

Suits against officials in their personal capacities are different. In those cases, the plaintiff seeks to impose individual liability upon a government officer for actions taken under color of law. *Id.* (quotation omitted). There, the real party in interest is the individual, not the sovereign. *Id.* In that case, although the defendants may be able to assert personal immunity defenses, sovereign immunity does not bar the suit. *Id.* (quotation omitted)

Tribal judges are afforded absolute judicial immunity. *Id.* at 914. Judicial immunity does not apply in two circumstances: (1) a judge is not immune from liability for nonjudicial actions; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* (quotation

**ORDER GRANTING MOTIONS TO DISMISS; CLOSING FILE ~ 4**

omitted).

## Analysis

The Tribal Defendants are afforded sovereign immunity or absolute immunity from this suit. The real party in interest is the Yakama Tribe. Additionally tribal judges are afforded absolute immunity and Plaintiff has not alleged facts to support any exceptions to this doctrine.

Moreover, as set forth above, 18 U.S.C. § 241 does not provide a private cause of action, and Plaintiff has not alleged sufficient facts to state a claim under RICO.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Crystal Buck's Motion to Dismiss, ECF No. 6, is **GRANTED**.

2. The Yakama Nation Defendants' Motion to Dismiss, ECF No. 11, is **GRANTED**.

3. Plaintiff's Motion to Strike and Deny Motion to Dismiss, ECF No. 18, is **DENIED**.

4. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel, and **close** the file.

**DATED** this 24th day of January 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTIONS TO DISMISS; CLOSING FILE ~ 5**